469 So.2d 1150 (1985)
STATE of Louisiana
v.
Gavin ROME.
No. KA-2504.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*1151 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Elizabeth Cole, Supervising Atty., New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Gavin Rome was convicted of theft of property with a value greater than $500.00 in violation of La.R.S. 14:67. He was adjudged to be a multiple offender and was sentenced to serve eight years in the custody of the Department of Corrections. It is from this conviction and sentence that defendant now appeals.

FACTS
The following facts were adduced at trial: Defendant's uncle, Milton Maroner, was doing some renovation work in the home of Mr. and Mrs. Nemec. Defendant helped his uncle for approximately three weeks after which time he was fired. Maroner then hired his son Stanley to help him finish the renovation work. Mrs. Nemec discovered that pieces of her jewelry were missing and filed a police report. An investigation of the house produced no sign of a break in. Shortly thereafter, Mrs. Nemec reported that a great deal of her silverware was missing. The investigating detective checked the pawn shop list[1] and found that the Southern Coin Exchange had taken in a large quantity of silverware on that day and the day following Mrs. Nemec's report of her missing silver. The Nemec's housekeeper identified the silver as belonging to the family. The pawn shop receipt showed that the objects were pawned by defendant and his cousin Stanley.
Later that day, the investigating detectives obtained a search warrant for defendant's home. The search did not yield any of the stolen goods, but Rome was arrested. After being advised of his rights, defendant gave a statement implicating his cousin Stanley Maroner in the crime. Defendant called Maroner and Maroner went to the police station taking the jewelry with him which he had obtained from the Nemec home. He was arrested and after having been advised of his rights, also gave a statement.
An employee of Southern Coin Exchange testified that he had purchased things from *1152 the defendant, and from Stanley Maroner together on three or four occasions. The owner of Southern Coin Exchange also testified that he had purchased things from the defendant.
Maroner testified that he had gone with defendant on two occasions to the pawn shop. He stated that he had pawned some things for defendant which defendant had told him had belonged to his wife's grandmother. Maroner testified that he had done this because the defendant had told him that he did not have a driver's license at the time and that a driver's license was required by the pawn shop before a transaction could be done. See La.R.S. 37:1769. Stanley's wife's testimony also corroborated this version of the facts. At trial, some of the receipts signed by defendant Rome were shown to have had driver's license and social security numbers belonging to Maroner.

ASSIGNMENT OF ERROR NO. 1
Defendant Rome alleges the trial court erred in failing to suppress a statement made by him after his warrantless arrest.
The investigating officers obtained a search warrant to search Rome's home. After the search was completed, defendant was arrested. He argues that this arrest was unconstitutional in light of the decision in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In Payton, the United States Supreme Court held that a defendant may not be arrested without a warrant or without consent in absence of exigent circumstances in his own home.
This case differs from Payton because the officers who arrested Rome were on the premises by virtue of a search warrant. Entry into Rome's home, therefore, was not warrantless. We also note that there was probable cause to arrest the defendant: silverware belonging to the Nemecs had been stolen; Rome had been working on the premises at the time; and the information supplied to them by the pawn shop indicated to them that the defendant had pawned these items.
For these reasons, we find that the trial court correctly denied defendant's motion to suppress.

ASSIGNMENT OF ERROR NO. 2
Defendant Rome claims that the trial judge was in error in allowing the introduction of hearsay statements allegedly made by him.
At trial, defense counsel objected to several statements made by defendant to his cousin Stanley Maroner after they had been arrested. Defendant argues that the trial court allowed the introduction of these statements based on the co-conspirator exception to the hearsay rule, and that this exception was not available.
La.R.S. 15:434 states that hearsay evidence is inadmissible unless otherwise provided. One of the exceptions to the prohibition against the use of hearsay is that confessions and admissions are admissible. See State v. Godeaux, 378 So.2d 941 (La.1980).
The statements to which the defense has objected are statements made by Stanley Maroner while he was cross-examined at trial. Maroner testified that after defendant's arrest, Rome called him and told him to take the blame for their actions. Maroner also testified that Rome had also told him to take some Valium tablets before a polygraphic examination, as he had done, and that this would enable Maroner to pass the examination. These statements are clearly admissions. An admission is a statement which does not admit guilt, but rather simply acknowledges facts that tend to establish guilt. See La.R.S. 15:449; State v. Sumler, 395 So.2d 766, 766 (La. 1981).
Because these statements were exceptions to the rule prohibiting hearsay, the trial court correctly ruled them admissible. See La.R.S. 15:434, 449, et seq.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant claims that the trial court should not *1153 have adjudged him to be a multiple offender.
Defendant waived his right to hearing on whether he was a multiple offender. He admitted that he was the person who had been charged and had pleaded guilty to two previous offenses, used to enhance his sentence for the conviction from which he now appeals. He does allege, however, that the state has failed to prove that he was sufficiently Boykinized at the time he pleaded guilty to these offenses.
In order to prove its case on the multiple offender hearing, the state introduced the waiver of right forms and the bills of information for the prior offenses. A minute entry of the tendering of the guilty plea for one of the prior offenses is contained in the record. The transcript of the multiple bill hearing, however, does not indicate that this minute entry was introduced at trial. The state must prove that a defendant knowingly and voluntarily waived his constitutional rights by pleading guilty. State v. Holden, 375 So.2d 1372 (La.1979).
The colloquy between the judge and the defendant is the best evidence to show that the defendant has knowingly and voluntarily waived his rights by a guilty plea, State v. Holden, supra. Although preferred, a colloquy is not the only method to prove a proper waiver; it may be shown by other proof. See State v. Nuccio, 454 So.2d 93 (La.1984); State v. Dunn, 390 So.2d 525 (La.1980). In State v. Tucker, 405 So.2d 506 (La.1981), the Supreme Court held that a minute entry together with a waiver of rights form signed by the defendant, his attorney, and the trial judge is sufficient.
In the present case, the state introduced only the waiver of right forms themselves. Although there is a minute entry contained in the record, there is no evidence that it was introduced at the trial or the multiple bill hearing. Furthermore, the minute entry does not show whether the colloquy between the defendant and the judge was held at the time. We must hold, therefore, the state failed to carry its burden of proving that the guilty pleas used to enhance defendant's sentence, were knowing and intelligent. The trial court's determination that defendant was a multiple offender must be set aside, and this case is remanded to allow the state to introduce the necessary evidence for resentencing.
For the foregoing reasons, defendant's conviction is upheld. His adjudication as a habitual offender is set aside, and the case is remanded for further proceeding and resentencing in accordance with this decision.
AFFIRMED IN PART AND REMANDED IN PART
NOTES
[1] La.R.S. 37:1757 requires that pawnshop owners provide the police with daily entries. See also La.R.S. 37:1755.