WILLIAMS, Judge.
Gavin Rome was convicted of violating La.R.S. 14:67 (theft). Defendant was adjudged to be a multiple offender and sentenced to 8 years at hard labor. On appeal, this court affirmed defendant’s conviction, but held that his adjudication as a multiple offender was not proper and remanded for resentencing. State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985). On remand, defendant was adjudged again to be a multiple offender and resentenced to eight years at hard labor. It is from this resen-tencing that defendant now appeals.
On his previous appeal, defendant asserted that the trial court’s reliance solely on two waiver of rights guilty plea forms in determining that he (defendant) had been properly Boykinized upon entering guilty pleas to the predicate offenses was erroneous. We agreed and remanded to the trial court:
In the present case, the state introduced only the waiver of rights forms themselves. Although there is a minute entry contained in the record, there is no evidence that it was introduced at the trial or the multiple bill hearing. Further *343 more, the minute entry does not show whether the colloquy between the defendant and the judge was held at the time. We must hold, therefore, the state failed to carry its burden of proving that the guilty pleas used to enhance defendant’s sentence, were knowing and intelligent. The trial court’s determination that defendant was a multiple offender must be set aside, and this case is remanded to allow the state to introduce the necessary evidence for resentencing. Id. at 1153.
At the resentencing, the state once again failed to introduce any other evidence. The trial court resentenced defendant to 8 years at hard lator, stating:
The evidence that I have in front of me is two Waiver of Constitutional Rights Plea of Guilty forms which indicate that the defendant, Gavin Rome, signed both forms at the bottom and initialed in the spaces for the initialing every part of that form. Now, at this point in time I am convinced that the defendant was properly Boykinized for the following reasons. It is the process in this court, all ten sections, that after the defendant reads the Waiver of Constitutional Rights Plea of Guilty forms and signs them and initials each space, with the help of his attorney to determine whether or not he understands, he is then personally questioned, verbatim, verbatim to the Waiver of Constitutional Rights Plea of Guilty form. Now, if the Fourth Circuit wishes to see copies of the colloquy, which is the transcript of the judge reading these waiver of Constitutional forms to the defendant, we will comply. But I certainly think that it’s a waste of man hours, or in our case, female hours, to produce such material. And I find that the defendant was properly Boykinized, and I order that his original eight-year sentence stand, for which ruling ... (Tr. at 4-5)
Although copies of the colloquies of defendant’s two prior guilty pleas are attached to the state’s brief to this court, the transcripts were not introduced below, and, therefore, cannot be considered on appeal. Because defendant’s conviction as a multiple offender was based solely on the waiver of rights forms, we must vacate his adjudication as a multiple offender and remand for resentencing to allow the state to introduce the necessary evidence in the proper court.
VACATED AND REMANDED.