503 So.2d 1186 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mervine NOLAN, Defendant-Appellant.
No. CR 86-658.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Rehearing Denied March 31, 1987.
Writ Denied June 5, 1987.
*1189 Linda Veazey, Abbeville, for defendant-appellant.
Louis Garrot, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Appellant, Mervine Nolan, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. He was tried by jury and found guilty of armed robbery. He was billed as a multiple offender and found to be a multiple offender. He was sentenced to 35 years at hard labor without benefit of parole, probation or suspension.

FACTS
On February 21, 1984, two black men, wearing masks and armed with a .38 caliber pistol, entered the Handi-Mart on West Port Street in Abbeville, Louisiana. Elizabeth Hargrave was the clerk on duty at the store. While one of the men told her to lie on the floor, the other opened the cash register and took $127. The perpetrators then left the store. Elizabeth Hargrave quickly notified police of the incident. Later that night, the police talked to defendant, his brother, Virgil Nolan, and their nephew, Thaddeus Nolan, while investigating an accident in front of the Brief Encounter Lounge. The three men told police that they had run out of gas and were waiting for a ride. Reginald Harris, a friend drove defendant and Thaddeus to Virgil's vehicle. Police officers were there and asked Reginald for permission to search his car. The police found $81 under the floor mat in the back seat of Reginald's car. Virgil, Mervine and Thaddeus were then taken to the police station. The key to the cash register at the Handy-Mart and $46 were recovered from Virgil. A search of Virgil's vehicle uncovered a .38 caliber pistol, a beige sweater and a maroon windbreaker, items which the store clerk had identified as having been worn by the robbers. The police confronted Thaddeus Nolan with this evidence; soon he gave a statement implicating himself, Virgil and Mervine in the robbery.

ASSIGNMENT OF ERROR NO. 1
Appellant claims that the trial court erred in denying a mistrial where two judges presided over the trial of defendant. He argues that La.C.Cr.P. art. 775 mandates a mistrial when two different judges *1190 preside over the same trial. He argues that he was particularly prejudiced in that the second judge ruled that the make-up of voir dire jurors was valid without having heard the evidence presented the day before to the first judge.
A mistrial may be ordered when it is physically impossible to proceed with the trial in conformity with law. La.C.Cr.P. art. 775(5). Mistrial is a drastic remedy; unless mandated by the Code of Criminal Procedure, it is committed to the sound discretion of the trial judge and is warranted only if substantial prejudice results which would deprive a defendant of a fair trial. State v. Jarman, 445 So.2d 1184, 1187 (La.1984).
In the instant case, Judge Byron Hebert began the trial of defendant on September 10, 1985. The voir dire examination was begun and several jurors were sworn in. At the end of the day, the court was hearing evidence on the composition of the jury venire. That evening Judge Hebert's brother died. Judge Allen Babineaux took over trial the next morning. An objection was made by defense counsel to the fact that two judges presided over the trial of defendant. Judge Babineaux heard the remainder of the evidence regarding the composition of the jury venire. He denied defendant's motion for a mistrial.
It is conceded in the majority of criminal proceedings that only one judge will preside over the trial. However, the fact that more than one judge does preside is not deemed a mandatory ground for mistrial anywhere in the Code of Criminal Procedure. There is nothing which would necessarily prejudice a defendant in having two judges preside over his trial, especially in the instant case where the first judge stepped down after just the first day of voir dire. There is nothing which would indicate that defendant's right to a fair trial was prejudiced in this case. Judge Babineaux did rule on a motion for which he did not hear all the evidence, but there appears to be no error in his ruling. Since no substantial prejudice resulted to defendant, the trial judge did not abuse his discretion in denying a mistrial on this ground. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
Appellant claims that the trial court erred in denying a mistrial on the ground that the petit jury venire was faulty since so few of the potential jurors summoned appeared and only two of those who appeared were black. He argues that the jury venire was improperly composed and indicated a systematic exclusion of blacks.
At the hearing, the defendant presented evidence that the names composing the jury venire are randomly selected by a computer without regard to any constitutionally protected category. There is no evidence that the composition of the jury venire was selected in an improper manner.
The cases defendant cites which hold that the prosecutor cannot systematically exclude blacks from the jury are completely inapplicable to this case. Defendant admits in his brief that no blacks were even called as jurors during voir dire. Thus, the prosecutor could not have used peremptory challenges on them. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
Appellant claims the trial court erred in denying a mistrial where the bill of information was read twice to the jury. He argues that when the bill of information was read the second time to reflect corrections that had been made in it, it created a prejudice in the minds of the jurors.
The bill of information, as first read, stated that the victim of the robbery was Handy Mart. Since a business is not a proper victim for a robbery, the state amended the bill to reflect that Elizabeth Hargrave had been robbed. The amended bill of information was also read to the jury. The trial judge admonished the jury that the reading of the bill of information was a purely procedural matter and was in no way a reflection of defendant's guilt or innocence.
Since it is a procedural formality it was completely proper for the judge to *1191 order the corrected bill of information read to the jury. The fact that an improper bill was also read to the jury does not appear to prejudice defendant's right to a fair trial. The bills were substantially the same. The jury was warned not to give any weight to the fact that the bill was read twice. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 4
Appellant claims that the trial court erred in denying a mistrial where correct "rap sheets" were not provided on Reginald Harris and Thaddeus Nolan, witnesses called by the State at trial, being in violation of defendant's rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Louisiana has adopted the rules of Brady and United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). It is error for the trial court not to order the prosecutor to respond to specific requests of the defense for conviction records of witnesses. State v. Henderson, 362 So.2d 1358, 1363 (La.1978); State v. Harvey, 358 So.2d 1224, 1232 (La.1978). In Henderson and Harvey, the Louisiana Supreme Court remanded the case to the trial court to determine whether the evidence suppressed would, upon its evaluation in the context of the entire record, create a reasonable doubt as to the defendant's guilt. Defendant is not entitled to a mistrial, but only to a hearing to determine whether the evidence withheld prejudiced him.
In the instant case, defendant complains that he was not provided with the rap sheets of Reginald Harris and Thaddeus Nolan. Defendant was provided a rap sheet for Reginald Harris, but there was some question as to its validity. However, even if Reginald Harris had a record of convictions and was cross-examined about it, it would not have changed the verdict because all of Mr. Harris' testimony was admitted by the defendant when he testified.
Reginald Harris testified that he received a phone call from Thaddeus Nolan to come and pick him up in front of the Sportsman in Abbeville. When he got there, he picked up Mervine and Thaddeus. Mervine sat in front and Thaddeus in back. They went down the street to Virgil's car. The police were with Virgil at Virgil's car. They asked permission to search Reginald's car. The police searched the car and found money under the floormat in the back seat. The defendant related the same set of facts on direct examination. Impeachment of Reginald Harris would have added nothing to the case.
Prosecution provided defense counsel with a copy of Thaddeus Nolan's rap sheet prior to his testifying. Defense may not have received it earlier than this, but it would appear to be harmless error since he did not have any prior convictions. Looking at this new evidence in the context of the record, it would not shed any doubt on the defendant's conviction.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 5
Appellant claims that the trial court erred in allowing as evidence statements allegedly made by Mervine Nolan to Thaddeus Nolan, such being in violation of the hearsay rule. He argues that the statements were not inculpatory; therefore, the admission exception to the hearsay rule would not apply.
At trial, Thaddeus Nolan testified that while he was in jail Mervine and Virgil asked him to "take the rap" by himself. One of the exceptions to the prohibition against the use of hearsay is that confessions and admissions are admissible. State v. Rome, 469 So.2d 1150, 1152 (La. App. 4th Cir.1985), remanded for resentencing, 489 So.2d 342 (La.App. 4th Cir. 1986). An admission is a statement which does not admit guilt, but rather simply acknowledges facts that tend to establish guilt. LSA-R.S. 15:449; State v. Rome, 469 So.2d at 1152. In Rome, defendant told the witness to take the blame for their actions. Defendant also told the witness to *1192 take Valium before a polygraph examination because this would enable the witness to pass the examination. These statements were held to be admissible as admissions when the witness testified.
In the instant case, Mervine asking Thaddeus to "take the rap" could certainly be found to be an admission and admissible into evidence as such. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 6
Appellant claims that the trial court erred in not allowing defense counsel to withdraw on the day of trial where defense counsel had been reappointed to defend defendant after having been fired by defendant earlier. Defendant argues that this may have violated his right to effective assistance of counsel.
On June 3, 1985, defendant informed the court that he no longer needed court appointed counsel, that he would retain counsel and would like a continuance of his trial. On June 4, Judge Broussard signed an order allowing appointed counsel to withdraw. On June 26, 1986, defendant informed the court that he could not afford retained counsel. The original defense counsel, Linda Veazey, was reappointed to represent defendant. On the day of trial, defense counsel again asked to withdraw informing the court of the circumstances. Judge Hebert asked defendant if he was satisfied with his defense counsel. Defendant informed the court that he was not asking for removal of his defense counsel. Judge Hebert denied defendant's motion.
The record does not reflect that defendant was ever dissatisfied with his court appointed counsel. Defendant fired his court-appointed attorney because he believed he could afford retained counsel.
Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight, but counsel reasonably likely to render and actually rendering reasonably effective assistance. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). A defendant who alleges that his counsel was ineffective must couple that allegation with a specific showing of prejudice. State v. Brogan, 453 So.2d 325, 328 (La.App. 3 Cir.), writ denied, 457 So.2d 1200 (La.1984). In the instant case, defendant has not shown that his defense counsel was ineffective or that he was prejudiced thereby. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 7
Appellant claims the trial court erred in denying a judgment of acquittal, or failing to grant a new trial, where the verdict was contrary to the law and evidence in that no evidence whatsoever was presented by the state to prove all the elements of the crime of armed robbery. He argues that the state failed to prove that defendant was involved in the robbery, since no physical evidence linked defendant to the crime.
The test for sufficiency of the evidence is that a conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Shapiro, 431 So.2d 372, 383 (La.1983).
Thaddeus Nolan testified that Mervine, Virgil and he robbed Elizabeth Hargrave. He and Mervine went into the store armed with a pistol and took the money out. They did not have permission to take the money. This testimony is enough to prove that defendant, Mervine Nolan, committed every element of the crime of armed robbery.
Virgil and Mervine testified that Mervine was not one of the robbers. This case turns on the issue of credibility of the witness. It is the duty of the trier of fact to determine credibility of witnesses. The trier of fact may accept or reject in whole or in part the testimony of any witness. A determination of credibility will not be reversed on appeal absent manifest error. State v. Tassin, 472 So.2d 340, 344 (La.App. 3d Cir.), writ denied, 477 So.2d 97 (La.1985). Apparently, the trier of fact *1193 chose to disbelieve Mervine's account of the robbery. Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 8
Appellant claims the trial court erred in allowing docket number 24469, under the multiple offenders statute, to be consolidated in fact, although without motions by the state, over the defense objection. He argues that since the multiple offender bill was given a separate docket number, it could not have been taken up during the proceedings on docket number 23706, and should have been brought up only after sentencing.
"If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction." LSA-R.S. 15:529.1(D). (emphasis added) This indicates that there is no need to wait until sentence is passed to begin the multiple offender hearing.
There is no requirement that a multiple offender bill be given the same docket number as the main proceeding. The multiple offender hearing is in the nature of an enhancement of penalty, rather than of a prosecution for a crime. State v. Stott, 395 So.2d 714, 718 (La.1981). Thus, La.C.Cr.P. art. 493, requiring that offenses joined in the same bill of information be triable by the same mode of trial, would not be applicable as argued by defendant.
Even if the multiple offender bill was filed improperly, it did not prejudice any substantial rights of the accused; therefore, reversal is not required. La.C. Cr.P. art. 921. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 9
Appellant claims that the trial court erred in allowing the multiple offender statute to be taken up before the second conviction was final.
"If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction."
LSA-R.S. 15:529.1(D) (emphasis added)
"When a district attorney knows of a prior felony conviction, undoubtedly the better practice is for him to file the multiple-offender bill (after conviction of the latest crime) before imposition of the sentence which is to be enhanced." State v. Bell, 324 So.2d 451, 453 (La.1975).
In the instant case, the multiple offender bill was taken up after conviction, before sentencing. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 10
Appellant claims that the trial court erred in denying the motion to quash in docket number 24469 where the defendant was not informed of his right to an attorney at the time his plea was taken in his previous felony conviction.
In State v. Nelson, 379 So.2d 1072, 1074 (La.1980), the court held that if the state wishes to use a prior guilty plea as a conviction for sentence enhancement under LSA-R.S. 15:529.1 and the defendant objects that the guilty plea was not knowing and voluntary, the state has the burden of showing a contemporaneous record that, at the time of the plea, the accused was informed of and made a knowing waiver of his privileges against self-incrimination, his right to a jury trial, and his right of confrontation.
The defendant argues that his prior guilty plea to receiving stolen property (docket # 21917) is invalid because he was not advised of his right to an attorney. Furthermore, that the trial court erred in the instant proceeding (docket # 24469) in relying upon this allegedly invalid guilty plea in adjudging him a multiple offender. Defendant's argument has no merit.
*1194 The transcript of this prior guilty plea, which was introduced into evidence in the instant case, shows that the defendant was represented by Richard Meaux at the guilty plea hearing and that the trial judge informed the defendant that "if you couldn't afford an attorney, an attorney would be furnished to you free of charge."
Accordingly, defendant's prior guilty plea was not invalidated by his being denied the right to counsel; therefore, it was properly used as a basis for the multiple offender hearing. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 11
Appellant claims the court erred in denying the defendant's Motion to Quash docket number 24469, where the defendant had been granted a pardon on his first felony conviction.
"Notwithstanding any provision herein contained to the contrary, any person receiving a pardon under the provisions of Subparagraph (1) of Paragraph (E) of Section 5 of Article IV of the Louisiana Constitution of 1974 and this Section may be charged and punished as a second or multiple offender as provided in R.S. 15:529.1."
LSA-R.S. 15:572(E). This law specifically allows for the defendant to have been charged under the Louisiana Habitual Offender Law, LSA-R.S. 15:529.1. Thus, defendant's assignment lacks merit.
For the above and foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.