STOKER, Judge.
The defendant, Daniel Kordish, was charged by bill of information with a violation of LSA-R.S. 14:95.1, possession of a firearm by a convicted felon. Defendant waived a trial by jury and was found guilty as charged, after a bench trial, on June 21, 1988. Defendant was sentenced to serve three years at hard labor without benefit of parole, probation or suspension of sentence. Defendant seeks review of his conviction asserting that the evidence was insufficient to prove beyond a reasonable doubt that the defendant committed the crime with which he was charged.
FACTS
On February 12, 1988, at approximately 4:30 p.m., the defendant went to Bayou Chicot High School in Evangeline Parish with his small daughter to pick up his niece and nephew. Defendant was driving his father’s black Chevrolet pickup truck at the time. Defendant parked near the high school’s baseball diamond and conversed with his niece and nephew who were watching the baseball team practice. Defendant asked his niece to point out a member of the team, Ernest Book, and instructed her to ask Book to come over to defendant’s truck. Defendant planned to apologize to Book for a fight which occurred between them two weeks previous. Book approached the truck at defendant’s behest, words were exchanged, defendant got out of his truck and a scuffle ensued. Other members of the team separated defendant and Book, and the team members got into their vehicles to leave the baseball field. At that point, defendant went to his truck, took out a .20 gauge shotgun and fired into the air above the departing vehicles. The baseball team proceeded back to the school gymnasium with defendant in pursuit. Once at the gym, the team members told their coach what had happened. When defendant entered the gym, the coach asked defendant to leave and escorted him out of the gym. The Evangeline Parish Sheriff’s Department was called and two officers were dispatched to the school. Defendant was apprehended a short time later at a local grocery store. Defendant’s truck was impounded and a search conducted with defendant’s father’s consent. No shotgun was found in the truck. A shell bag containing a few .20 gauge shells along with a pair of pliers and some nails was found in the truck.
Defendant, a convicted felon, was convicted of possession of a firearm in violation of LSA-R.S. 14:95.1.
SUFFICIENCY OF EVIDENCE
Defendant contends that the trial court erred in denying his motion for a directed verdict (motion for acquittal) pursuant to LSA-C.Cr.P. art. 778, arguing that the State failed to establish his guilt beyond a reasonable doubt. The defendant asserts that the prosecution’s failure to substantiate the eyewitness testimony of defendant’s possession of a firearm by actually producing the firearm requires a reversal of the conviction. Defendant suggests that the story regarding the gunshot was fabricated by the State’s witnesses in order to have him incarcerated. Defendant also argues that the inability of the investigating officers to find the shotgun, allegedly used by defendant, supports the testimony of the defense witnesses that defendant did not possess a firearm.
The essential elements of the crime of possession of a firearm by a convicted felon are: (1) status as a convicted felon, *196 (2) an instrumentality defined as a firearm, and (3) actual or constructive possession of the firearm by the defendant. State v. Mose, 412 So.2d 584 (La.1982). The standard for appellate review in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981).
In the instant case, the State presented six witnesses who testified that defendant was holding a shotgun shortly after a shot was heard. Two of those witnesses testified they actually observed defendant discharging the shotgun. Additionally, the baseball coach testified that he observed the shotgun in defendant’s truck prior to the incident. A spent shell found by some of the witnesses corroborated the testimony. The conflicting testimony of the defendant and his witnesses necessitated a determination of witness credibility by the trial court. The trial court found that the State’s witnesses were more credible and accepted their testimony concerning defendant’s possession of a firearm. “It is the duty of the trier of fact to determine credibility of witnesses. The trier of fact may accept or reject in whole or in part the testimony of any witness. A determination of credibility will not be reversed on appeal absent manifest error.” State v. Nolan, 503 So.2d 1186, 1192 (La.App. 3d Cir.), writ denied, 507 So.2d 226 (La.1987). We find no manifest error committed on the part of the trial court. There was sufficient evidence to convict defendant of the crime with which he was charged in spite of the State’s failure to produce the firearm used by the defendant. See State v. Narcisse, 512 So.2d 565 (La.App. 3d Cir.1987).
For the reasons assigned herein, the defendant’s conviction is affirmed.
AFFIRMED.