ARMSTRONG, Judge.
The defendant, Dwayne Morgan, was charged by bill of information with a violation of LSA-R.S. 14:65.1, relative to the offense of purse snatching. He filed Motions to Suppress the Evidence and the Identification which were denied by the trial court. On the day set for trial defendant withdrew his earlier plea of not guilty and entered a plea of guilty as charged. He was sentenced to serve six years and eight months at hard labor. After a hearing held on the multiple bill of information filed by the State, the defendant was found to be a multiple offender (second offense) under La.R.S. 15:529.1. He was re-sentenced to serve six years and eight months of hard labor. The defendant now appeals, arguing that the trial court erred in adjudicating him a second offender based on inadequate proof of Boykinization.
The State offered into evidence a prior bill of information, docket master, plea form, minute entry, and arrest form. The defense objects that neither the minute entry nor the docket master indicate that the trial court interrogated the defendant as to his rights when he pled guilty. We find merit in this assignment.
In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the colloquy between the trial court and the defendant is the preferred evidence proving the defendant knowingly and voluntarily waived his rights by pleading guilty, it is not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988).
The plea form taken with the minute entry attesting to the defendant’s Boykinization constitutes a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La. *721 App. 4th Cir.1984); State v. Kelly, supra; State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied 544 So.2d 399 (La.1989).
On the plea form the defendant signed, he admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. The form also states:
The court has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire.
The defendant was attended by counsel when he pled guilty. The guilty plea form is signed by the defendant, the judge, and defendant’s attorney. It is initialed by the defendant in ten places and signed twice; one of the signatures appears immediately after the sentence quoted above.
The minute entry of the defendant’s guilty plea and sentencing hearing states:
The defendant was present and represented by ... [counsel] and thru [sic] counsel, the defendant withdrew his former plea of Not Guilty and entered a plea of Guilty as Charged. The Court ordered the plea recorded. The defendant, under oath, stated that he was desirous of pleading guilty because he was, in fact, guilty of the crime to which he is pleading. Sentencing deferred by defense motion. (Record, p. 56).
The docket master also simply declares that “Defendant Morgan attended by his counsel.... withdrew his former plea of Not Guilty and entered a plea of guilty as charged. Sentence deferred_ (Record, p. 53). In neither entry is there any statement attesting to the defendant’s Boykini-zation. Thus, the minute entry does not offer proof that the defendant was advised of his rights.
This court considered a similar situation in State v. Rome, 469 So.2d 1150, 1153 (La.App. 4th Cir.1985), appeal after remand, 489 So.2d 342 (La.App. 4th Cir.1986), where the State introduced a waiver of rights form, and the minute entry from the previous offense was in the record, but it did not indicate that a colloquy between the judge and defendant occurred. The court held that State failed to prove that the guilty pleas used to enhance the defendant’s sentence were knowingly and intelligently made.
Accordingly, because the minute entry does not show that the judge advised the defendant of his rights under Boykin, the trial court’s holding that the defendant is a multiple offender must be set aside, and the original sentence must be reinstated. However, the State is not barred from filing another multiple bill because a defendant is not protected by principles of double jeopardy from being tried again on the question of a prior felony conviction. See State v. Johnson, 432 So.2d 815 (La.1983).
For the foregoing reasons, the defendant’s conviction is affirmed, but his adjudication as a habitual offender is set aside, and his original sentence of six years eight months at hard labor is reinstated.
CONVICTION AFFIRMED, HABITUAL OFFENDER ADJUDICATION VACATED, ORIGINAL SENTENCE REINSTATED.