|1SAUNDERS, Judge,
dissenting.
There is substantial evidence in the record which supports the defendant’s insanity defense. There is also substantial evidence which supports the finding by the jury that the defendant was not insane. The state’s experts, Dr. Ritter and Dr. Davis, both gave testimony that the defendant was competent to proceed and could assist his attorney in his defense. There was also lay testimony which tended to show that the defendant was competent to proceed and could assist in his defense and that he was not insane at the time of the commission of the crime.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility *817 of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests |2solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. State v. Nolan, 503 So.2d 1186 (La.App. 3d Cir.), writ denied, 507 So.2d 226 (La.1987).
A fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, at 319, 99 S.Ct. 2781, at 2789, 61 L.Ed.2d 560 (1979). Where rational trier’s of fact could disagree as to the interpretation of the evidence, the rational'trier’s view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305, at 1310 (La.1988).
The majority finds support for its conclusion in the case of State v. Brian A. Peters, (La.1994), 643 So.2d 1222. I would make these observations with respect to that case:
(1) The facts of the Peters case are much stronger than the case before us. In Peters, there were no experts testifying on behalf of the prosecution. This absence of expert testimony was the basis for the supreme court’s ruling.
In the present ease, there were two well qualified experts who gave very credible testimony on behalf of the State. The testimony of either one of the experts was sufficient to allow the jury to reach the verdict that it did reach. Accordingly, it is hard to see how Peters is applicable to the present case.
(2) In my view, the reasoning in the dissents of Justices Kimball and Marcus is more compelling than the position taken by the majority in the Peters case. Justice Marcus suggests that the medical testimony does not explain how the defendant’s depression affected his ability to distinguish right from wrong. Justice Kimball points out that the defendant knew full well who he intended to kill — his estranged wife — and passed up opportunities to kill other people, thus suggesting that he did not kill out |3of ignorance, but rather that he knew whose life he wanted to take and accomplished his objective.
I know nothing of the Peters ease beyond what was published by the Louisiana Supreme Court in its opinion and the opinions of the dissenting justices. Apparently, the evidence in that ease was so compelling that our supreme court felt that it was necessary to reverse the jury finding. The evidence in the present case is nowhere near so compelling. I most forcefully dissent.