| iYELVERTON, Judge.
Kevin Roch Jones was convicted in a bench trial of second degree murder, a violation of La.R.S. 14:30.1. He appeals assigning two errors.

FACTS:

The defendant threw his two and one-half-month-old son, Donavon Alexander Baskey, into a crib on the evening of September 13, 1993. After sailing four to five feet through the air, the infant struck his head on the crib’s railings and ^lapsed into unconsciousness. The defendant contacted his neighbors, who called 911. The child was taken to Rapides Regional Hospital in Alexandria where he died two days later of a massive skull fracture and brain damage.

ASSIGNMENT OF ERROR NO. 1:

By this assignment, the defendant attacks the sufficiency of the evidence to convict of second degree murder. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Moody, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559, [citing State v. Richardson, 425 So.2d 1228 (La. 1983) ].
In order for the State to obtain a conviction, it had to prove the elements of the crime beyond a reasonable doubt. Second degree murder, defined in La.R.S. 14:30.1, is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La.R.S. 14:10(1) defines specific intent as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
I sThe defendant argues that the State did not prove the element of specific intent. Specific intent may be inferred from the circumstances and is an ultimate legal conclusion to be resolved by the fact finder. State v. Mosely, 475 So.2d 76 (La.App. 2 Cir.1985).
In a statement to police, Jones admitted he tossed the victim a distance of four or five feet into a wooden crib; the back of the infant’s head hit the rails and he immediately stopped crying. Jones told police he had been angry because he thought the child’s mother was having an affair, and he was irritated by the victim’s crying. Jones failed to inform medical personnel of how the child was injured. When an adult male throws a two and one-half-month-old baby at least four feet into a wooden crib, he must have adverted to the infliction of great bodily harm.
The State introduced testimony from Dr. George M. McCormick, II, a forensic pathologist, that the infant victim died as a result of a skull fracture and brain hemorrhage, which he opined occurred at the same time, and which resulted from the use of “considerable force.” John Griffith, of the Alexandria Police Department’s Crime Scene Investigation Unit, demonstrated that the bruising on the baby’s head was consistent with the rails of the crib.
In his statement to the police, Jones said that after the infant’s head struck the railing and it stopped crying, he walked out of the room, gave his food scraps to his pets, then walked back into the room. The victim was limp and “not really breathing right.” Jones left the room again and smoked a cigarette. When he re-entered the bedroom, the victim was not breathing at all. The defendant *495 argues, based on the testimony of Dr. John Patton, a neurosurgeon, that the fracture and hemorrhage did not occur instantaneously, and that the initial injury could have |4occurred during a period greater than 12 hours but less than a week before death. Dr. Patton testified, however, that in his experience a two-month-old child who has a skull fracture of any type had a very severe blow to the head.
The defendant argues that there was some conflict between the testimony of the pathologist and that of the neurosurgeon, and that the death-causing injury might have occurred at a time earlier than when the child was tossed at the crib. To the extent that there might be a conflict, this addresses itself to the weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), writ denied, 507 So.2d 226 (La. 1987). The evidence was sufficient to convict.

ASSIGNMENT OF ERROR NO. 2:

The defendant alleges that the trial court erred by allowing evidence of other crimes, wrongs, or acts. Such evidence may be admissible for such purposes as proof of intent and absence of mistake or accident. La.Code Evid. art. 404B(1).
The defendant has argued throughout that what he did was not murder, because the State failed to prove a specific intent to kill or inflict great bodily harm. He argues that it might have been manslaughter; it might have been negligence; it might have been an accident.
The trial judge allowed the State to offer evidence, pursuant to State v. Prieur, 277 So.2d 126 (La. 1973), of two earlier incidents of injury to the child while in defendant’s custody. In one, the baby was bleeding from the mouth while the |5defendant was giving him a bath, and witnesses saw Jones drop the child. In another incident less than a month from its death, the infant turned blue and stopped breathing while in Jones’ care and had to be rushed to the hospital.
In this case the trier of fact was a judge and not a jury, and the chance of undue prejudice was diminished. See La.Code Evid. art. 403, Comment (d). The evidence was probative of intent and absence of mistake or accident, and it was properly admitted.

ERRORS PATENT:

 La.Code Crim.P. art. 880 requires credit for time served. The article applies to life sentences because such a sentence can be commuted. State v. King, 604 So.2d 661 (La.App. 1 Cir.1992). Credit was not given in this case. The sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. La.Code Crim.P. art. 882(A). The case is remanded with instructions that the district court amend the commitment and minute entry of the sentence to so provide.
Additionally, La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. The district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.
CONVICTION AFFIRMED.