| .MURRAY, Judge.
Defendant appeals her conviction of crime against nature and her adjudication as a multiple offender. On October 21, 1998, defendant was charged with crime against nature in that she solicited a police officer with the intent to engage in oral copulation for the sum of $25.00. After defendant pled not guilty, a six-member jury found her guilty as charged, and the trial court sentenced her to five years at hard labor. The State filed a multiple bill, accusing defendant of being a fourth offender. After hearing, the trial court found defendant to be a second offender, vacated the original sentence, and re-sentenced her to six years at hard labor. The defendant appealed, and the State filed its own appeal alleging that the trial court erred in failing to adjudicate defendant as a fourth offender.

FACTS

Officer Frank Young stated that on September 22, 1998, he was working in an undercover capacity. The defendant waved him over at St. Claude Avenue and Port Street. Young stopped. The defendant opened the door and got into the car. The defendant offered “head and pussy but no booty,” which Young took to mean | ¡.oral and vaginal sex, but no anal sex, for $25.00. Young gave a signal to another team of officers, who stopped their car and arrested the defendant.

ERRORS PATENT

The record reveals no errors patent.

DEFENDANT’S ASSIGNMENT OF ERROR ONE

The defendant argues the statute under which she was convicted, La. R.S. 14:89(2), is unconstitutional. Since the defendant filed her appeal, the statute has been held constitutional. State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501.
This assignment is without merit.

DEFENDANT’S ASSIGNMENT OF ERROR TWO/STATE’S ASSIGNMENT OF ERROR

The defendant alleges counsel was ineffective for failing to object to the sufficiency of three prior convictions that were used to find the defendant a second offender. The State alleges the evidence was sufficient in the two convictions that were rejected by the trial court, and therefore the defendant should have been found to be a fourth offender. Because both arguments relate to the multiple bill, we address them together.
The defendant’s claim of ineffective assistance of counsel must be assessed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency ^prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of tbe proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
*50 This court has recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir. 1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Only if the record discloses sufficient evidence to rule on the merits of the claim do |4the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982). Because the sufficiency of the evidence supporting the multiple bill can be reviewed on the basis of the record herein, we address the merits of defendant’s argument, and at the same time address the State’s contention that the defendant should have been adjudicated a fourth offender.
The State alleged the defendant was a fourth offender based on three prior convictions: crime against nature in 361— 759“F” on March 2, 1993, crime against nature in 364-630“G” on June 3, 1993, and crime against nature in 332-970“D” on April 4, 1989. In all cases, the defendant pled guilty. At the multiple bill hearing, the defendant admitted to identity on all three priors. Counsel objected to the use of 332-970“D” and 364-630“G”, and the court agreed. Counsel did not object to 361-759“F”. The court found the defendant to be a second offender based on that conviction.
In State v. Alexander, 98-1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933, this court stated:
LSA-R.S. 15:529.1 D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence' showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking | sof the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and *51 by the State to determine whether the State has met its burden of proving that the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights, (footnotes omitted).
98-1377 at pp. 5-6, 758 So.2d at 937.
With respect to the defendant’s pri- or conviction for crime against nature in 361-759“F”, the State introduced a waiver of rights form listing all three Boykin rights. The form has a space for initials next to each sentence, and it contains the defendant’s initials in each space. The form is dated and signed by defendant, counsel and the trial judge. The State also filed the docket master, which indicates the defendant was in fact represented by counsel, and a pre-printed, dated minute entry.
Defendant argues that counsel was ineffective for failing to object to the use of the case to support the multiple bill. However, the evidence presented is sufficient under Shelton, supra, and State v. Weaver, 99-2177 (La.App. 4 Cir. 12/8/00), 775 So.2d 613, to support a finding that the defendant was advised of her Boykin rights. In Weaver, supra, at p. 8, 775 So.2d at 618-619, we noted specifically that a docket master showing the defendant was attended by counsel at the time his plea was entered, along with a properly executed waiver of rights/guilty plea form, is sufficient to carry the State’s burden under La. R.S. 15:529.1, the multiple offender statute. Therefore, we find that counsel was not ineffective for his failure to object in this regard. The defendant’s assignment of error is without merit.
| (;With respect to defendant’s prior conviction for crime against nature in case 364-630“G”, the State introduced a waiver of rights form which lists all three of the Boykin rights. Again, the form has a space for initials next to each sentence, and the form contains the defendant’s initials in each space. The form is dated and signed by defendant, counsel, and the trial judge. The State also introduced a docket master establishing that the defendant was in fact represented by counsel on the day she pled guilty, and a minute entry establishing counsel representation and that the trial court advised the defendant of her rights.
The trial court found this evidence to be insufficient because the minute entry fails to enunciate the specific constitutional rights of which defendant was advised before pleading guilty. In support of her argument that the trial court should be upheld, defendant cites State v. Morgan, 604 So.2d 719, 721 (La.App. 4th Cir.1992), writ denied, 610 So.2d 816 (La.1993), in which this court held that a plea of guilty form, standing on its own, without a minute entry or transcript reflecting the Boykinization of the defendant, is insufficient to prove that the defendant was advised of his rights. Recently, however, this court has held that a minute entry showing that the defendant was attended by counsel at the time he pled guilty, along with a properly executed waiver of rights/ guilty plea form, is sufficient to carry the State’s burden under the multiple offender statute. State v. Weaver, supra, at p. 8, 775 So.2d at 618-619 (citing State v. Wolfe, 99-0389 (La.App. 4 Cir. 4/19/00), 761 So.2d 596). Accordingly, we agree with the State that the trial court erred in failing to accept this conviction as a basis for the multiple offender adjudication.
Finally, with respect to case 332-970 “D”, the State introduced a waiver of rights form which lists all three of the Boykin rights. Again, the form has a space |7for initials next to each sentence, and the form contains the appellant’s initials in each space. The form is signed by defendant, counsel and the trial judge. However, the form is not dated. The *52 State introduced a minute entry that establishes that the defendant was attended by counsel the day she was sentenced. However, the minute entry has a handwritten phrase “the defendant pled guilty as charged.” Based on the fact that the plea form is not dated, and that the handwritten addition could have been added at any time, we conclude that the trial court did not err in finding the evidence insufficient on this conviction.
We therefore find that the State’s assignment as to the conviction in Section D is meritless, but as to the defendant’s conviction in Section G, the assignment has merit.
Accordingly, we affirm the defendant’s conviction. We vacate the trial court’s adjudication of defendant as a second felony offender, and vacate defendant’s sentence. We hereby adjudicate defendant to. be a third offender, and remand to the trial court for re-sentencing in accordance with this opinion.
CONVICTION AFFIRMED, SECOND OFFENDER ADJUDICATION AND SENTENCE VACATED, THIRD OFFENDER ADJUDICATION ENTERED, AND REMANDED.