362 So.2d 559 (1978)
STATE of Louisiana
v.
David E. DUKE and James K. Warner.
No. 61712.
Supreme Court of Louisiana.
September 5, 1978.
*560 John Wilson Reed, New Orleans, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William W. Hall, Shirley Wimberly, Asst. Dist. Attys., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, for plaintiff-respondent.
SANDERS, Chief Justice.
The State charged David E. Duke and James K. Warner with inciting to riot and failing to comply with a command to disperse, violations of LSA-R.S. 14:329.2 and 329.3. It also charged Warner with simple battery, a violation of LSA-R.S. 14:35. A jury found Duke guilty as charged, and Warner guilty only of inciting to riot. The court sentenced Duke to three months imprisonment and a $125 fine on each count, to run consecutively, and Warner to three months imprisonment and a $150 fine.
This Court granted the defendants' application to review the convictions and sentences. La., 356 So.2d 1009 (1978).
Duke is the national director of the Ku Klux Klan; Warner is a member and former officer of the Louisiana Klan. During a Klan meeting at a motel in Jefferson Parish, officers stationed themselves in the parking lot, photographing those who attended the meeting and recording their automobile license numbers. When the meeting ended, there was a confrontation between the officers and the Klan members in the parking lot. The nature of the incident is vigorously disputed. The evidence at the trial was in conflict.
Later, that day, Duke and Warner were arrested for their activities in the parking lot.
Complaining principally of three rulings, the defense avers that the court admitted evidence that was irrelevant, inflammatory, and so prejudicial that the convictions and sentences must be reversed. We agree.
The following is the evidence complained of:
Clarence Adams, a Klan officer, testified for the defense. On direct examination, defense counsel inquired only about the events in the parking lot which formed the basis of this prosecution. Over defense objection, the prosecutor cross-examined him concerning his religion, his church membership, the regularity of his church attendance, his obedience to the Ten Commandments, and his religious views.
Don Black, an officer of the Alabama Klan, was another defense witness. During direct examination, he identified himself as a Klan member and gave an account of the activities in the parking lot. On cross-examination, the State questioned him about the Communist Party, the American Nazi Party, his association with the American Nazi Party and its members, and his political theories concerning Nazism.
Additionally, during the cross-examination of defendant Duke, the State interrogated him about an old photograph allegedly showing him wearing a swastika arm band, the symbol of the American Nazi Party, and carrying an inflammatory sign. Duke admitted that, in all probability, the photograph was of him. Over a defense objection, the photograph was admitted in evidence.
The defense asserts that the State's introduction of evidence of religious and political beliefs so prejudiced the jury against them that they were tried for their beliefs rather than for their conduct.
Our criminal justice system is built upon the principle that a conviction is based upon actual guilt of the conduct charged. For that reason, the trial judge must fairly control the introduction of evidence to *561 avoid infecting a jury trial with the prejudicial influence of irrelevant matters, especially the religious beliefs, the political ideology, and the societal views of a defendant and his witnesses. See State v. Kaufman, La., 278 So.2d 86 (1973).
These subjects are often charged with controversy and emotion. To safeguard the fairness of the trial, Louisiana Code of Criminal Procedure Article 770 makes a court official's irrelevant reference to religion a mandatory ground for a mistrial when it is requested. Article 771 extends this principle to such comments made by witnesses.
Here, religious beliefs and political ideology were clearly irrelevant to the charges against the defendants. However, this evidence permeated the trial. As we view it, the evidence created an atmosphere in which the beliefs of the defendants and their witnesses became the issue rather than defendants' actions.
The State attempts to justify the evidentiary rulings by asserting that they represented proper cross-examination and impeachment.
This argument is without merit. Although several of the witnesses did refer to the purpose of the Ku Klux Klan, we find nothing in the record to justify the broad inquiry into the controversial subject matter. See LSA-R.S. 15:280. Louisiana Revised Statutes 15:494 provides: "It is not competent to impeach a witness as to collateral facts or irrelevant matter." Thus, if viewed as impeachment, it was improper here. See State v. Lewis, La., 328 So.2d 75 (1976) and the cases cited therein.
Finally, the State asserts that the defense waived its complaint to this evidence by the failure to move either for a mistrial or an admonition. This argument is likewise without merit. As to the erroneous admission of evidence, all that is required for review is an objection to the evidence at the trial followed by an assignment of error on appeal. LSA-C.Cr.P. Arts. 841, 844, 920. See State v. Hamilton, La., 356 So.2d 1360 (1978). The defense here has complied with these requirements.
We conclude that the admission of the evidence was prejudicial to the substantial rights of the defendants. See LSA-C. Cr.P. Art. 921. Hence, the convictions must be reversed and a new trial ordered.
For the reasons assigned, the convictions and sentences are reversed and the case is remanded to the district court for a new trial.