653 So.2d 80 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Gregory ROSETTE, Defendant-Appellant.
No. CR94-1075.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1995.
Morgan J. Goudeau, III, Opelousas, for State.
David Randal Wagley, Opelousas, for Gregory Rosette.
Before DOUCET, C.J., and KNOLL and SAUNDERS, Judges
SAUNDERS, Judge.
Defendant, Gregory Rosette, appeals his conviction for distribution of cocaine in violation of La.R.S. 40:967(A). Because we find that the photograph line-up was unduly suggestive and created a substantial likelihood of misidentification, we reverse.

FACTS
On April 22, 1993, an undercover police officer made a cocaine buy in Opelousas, Louisiana, at a place referred to as "The Bottom." The undercover officer prepared a report on the night of the buy, giving a physical description of the dealer as well as the type of clothing he was wearing. The defendant was arrested and charged on May 13, 1993, with distribution of cocaine. Approximately four (4) months after the buy, the undercover officer identified the defendant in a photo line-up and did so again shortly before trial. The undercover officer also made an in court identification of the defendant. *81 Defendant was convicted of one count of distribution of cocaine in violation of La.R.S. 40:967(A) and sentenced to serve five (5) years at hard labor, that sentence being suspended. Defendant was further sentenced to three (3) years active supervised probation, with all the conditions of La.Code Crim.P. art. 895, as well as several special conditions. Defendant now appeals his conviction, alleging four assignments of error.
ASSIGNMENTS OF ERROR
(1) Considering the evidence in a light most favorable to the prosecution, the trier of fact could not have found the defendant guilty beyond a reasonable doubt.
(2) The trial court erred in allowing the introduction of hearsay testimony over the objection of the defendant.
(3) The trier of fact erred in accepting the identification testimony of the undercover officer in light of the fact that said identification was made from a photo line-up which was unduly suggestive.
(4) The trier of fact erred in accepting the identification testimony of the undercover officer in light of the fact that the most distinguishing feature of the defendant, his gold teeth, was not noted by the undercover officer, nor was the defendant seen in the area only minutes after the transaction allegedly occurred.
Because we find the third assigned error requires reversal, we pretermit the discussion of the other assigned errors.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trier of fact erred in accepting the identification testimony of the undercover officer based on the fact that said identification was made from a photo line-up which was unduly suggestive. Before we can address this assignment of error, we must determine if it is properly before this court.
Louisiana Code of Crim.P. Art. 841(A) provides:
A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
In reviewing the transcript of the trial in this matter, we observe that counsel for defendant did make an objection, although the ground for his objection was not stated as clearly as it should have been. In State v. Duke, 362 So.2d 559, 561 (La.1978), the court stated that all that is required for review of the erroneous admission of evidence is an objection to the evidence at trial followed by an assignment of error on appeal. Furthermore, in discussing the purpose of the contemporaneous objection rule, the Louisiana Supreme Court has stated that it is not inflexible, but rather is "intended to promote judicial efficiency and to insure fair play." State v. Shoemaker, 500 So.2d 385 (La.1987), quoting State v. Lee, 346 So.2d 682 (La.1977). We find that counsel for defendant's objection, although questionable, coupled with an assignment of error on appeal, is sufficient to preserve this issue for review. Additionally, the interests of fundamental fairness and judicial economy indicate that we should address this issue now rather than on a future application for post-conviction relief. State v. Porter, 626 So.2d 476 (La.App. 3d Cir.1993), citing State v. Holmes, 620 So.2d 436 (La. App. 3d Cir.), writ denied, 626 So.2d 1166 (La.1993).

MERITS
"To suppress an identification, defendant must prove that the identification was `suggestive,' and that there is a likelihood of misidentification in the identification procedure." State v. Duncan, 93-1384 (La. App. 3d Cir. 04/06/94); 635 So.2d 653, 655, writ denied, 644 So.2d 649 (La.1994). In determining whether a line-up is suggestive, this court must decide whether the "persons or pictures used in the line-up display defendant so singularly that the witness' attention is unduly focused on the defendant." Id. "If only one person in the line-up has the characteristics of the perpetrator, the witness' attention will be focused on that person." State v. Davis, 385 So.2d 193 (La. *82 1980), citing State v. Guillot, 353 So.2d 1005 (La.1977).
Officer Lewis testified she perceived the defendant as being a black male, about 5'6" or 5'7", and weighing about 135 pounds. Four (4) photographs were shown to Officer Lewis. All of the photographs display black males. Two of the photographs display black males in front of a height chart, with both their heights being approximately 6'5". The defendant's photograph, the one selected by Officer Lewis, shows defendant in front of a height chart, with his height being about 5'6". The remaining photograph is of a black male with no height chart shown. However, the male in the remaining photograph appears to be in his mid-thirties while Officer Lewis' report describes defendant as a black male in his late teens. We find that the presence of the height chart in three of the four photographs, coupled with the significant difference in age between the suspect and the man in the fourth photograph, unduly focused attention on Rosette as the only person in the line-up whose height and age fit Officer Lewis' description. Because the photographs improperly singled out the defendant, this line-up was unduly suggestive.
Even though the line-up used in the case sub judice was unduly suggestive, the line-up is not inadmissible unless the suggestive identification presents a substantial likelihood of misidentification.
Assuming a suggestive identification procedure, courts must look to several factors to determine, from the totality of the circumstances, whether the suggestive identification presents a substantial likelihood of misidentification. These factors were initially set out in Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), and approved in [Manson v.] Brathwaite, supra [432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)]. They include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. (Citations omitted) "Against these factors is to be weighed the corrupting effect of the suggestive identification itself." (Citations omitted).
In other words, even where an identification is considered suggestive it is usually still necessary to evaluate the likelihood of misidentification. It is only where the identification violates both of these tests that a defendant's right to due process has been violated. (Citations omitted).
State v. Duncan, supra, at 655-656.
Officer Lewis testified that she made four buys at "the Bottom" on April 22, 1993, at 11:44 p.m., 11:53 p.m., 11:57 p.m., and 12:01 a.m., respectively. She further testified that each of these buys were made from people whom she had never seen before that night. The buy allegedly involving Rosette occurred at 11:57 p.m., and lasted for "a minute or two." Officer Lewis testified that she was sitting in the passenger seat of a small car when she was approached from the driver's side by the defendant, she leaned over as they exchanged a few words, and he passed her the drugs. She stated that she looked at the defendant long enough to identify him.
Applying the first two (2) Biggers' factors, we observe that Officer Lewis only had a brief opportunity to view the suspect. We further note that these transactions were occurring in rapid succession, lasting only minutes, and involving strangers. Even conceding that Officer Lewis' attention was focused on each dealer during each transaction, the possibility for an erroneous identification is great under these circumstances.
It is difficult to evaluate the third Biggers' factor in the case sub judice because Officer Lewis only gave a general description of the suspect. She stated that he was a black male in his late teens, approximately 135-145 pounds, and approximately 5'6" or 5'7". Although it is true that Rosette fits this description, it is also true that any number of people have these physical characteristics. Therefore, due to the lack of detail in the description and the fact that Rosette was the only person in the line-up who fit this description, it is not possible to make a determination as to whether or not the initial description was accurate.
Officer Lewis identified the defendant as the person involved in the undercover buy *83 from the photographic line-up. She also made an in-court identification of the defendant as the person she bought drugs from on April 22, 1993. The record does not reveal any uncertainty on the part of Officer Lewis in her identifications.
The Louisiana Supreme Court has stated that one month was a "substantial amount of time" between the contact with the suspect and the identification. State v. Martin, 595 So.2d 592, 596 (La.1992). In reaching this conclusion, the court noted that in Brathwaite, supra, the United States Supreme Court had found it important that the officer in that case had viewed the photograph only two days, not "weeks or months" later. Id at 116, 97 S.Ct. at 2254. The photo identification in the case sub judice was not held until August 12, 1993, some four months after the drug deal.
In State v. Martin, supra, the court reversed the defendant's conviction after finding that the undercover officer's photo and in-court identifications of defendant should have been suppressed. The court stated that the single photo identification was unduly suggestive and found that there was a substantial likelihood of misidentification. In reaching this conclusion, the court noted that the defendant was different in every attribute except race and gender than the man described as the seller in the police officers' initial report. The court also found that a substantial amount of time, one month, had passed since the contact and the identification. The court concluded that the officer's ability to make an accurate identification was significantly outweighed by the corrupting effect of the single photograph identification, and therefore, there was a substantial likelihood of misidentification. The court further concluded that the subsequent in-court identification should also have been suppressed because there was no independent basis for it.
In the case sub judice, applying Biggers and Martin, we find that the corrupting effect of the unduly suggestive line-up outweighs Officer Lewis' ability to make an accurate identification of the defendant. As in Martin, the subsequent in-court identification was tainted by the unduly suggestive photo line-up which Officer Lewis was again shown the week before the trial. Therefore, we find there was a substantial likelihood of misidentification and that both the out-of-court and in-court identifications should not have been admitted.
After finding that the identifications in Martin, supra, should have been suppressed, the court stated that without the identification, the evidence would be insufficient to support a conviction, and, if the identification had not been submitted to the jury, the court would reverse and render a judgment of acquittal. However, the court noted that it must consider all of the evidence submitted to the jury in determining whether retrial was permissible. Consequently, the court found that when considering all the evidence admitted, a rational trier of fact could have found that each element of the crime had been proven beyond a reasonable doubt. The court stated that the general rule is that the double jeopardy clause does not prohibit retrial when a defendant's conviction is set aside for trial error. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Therefore, the court reversed and remanded for a new trial.

DECREE
For the foregoing reasons, defendant's conviction is reversed and his sentence is vacated and set aside and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.