664 So.2d 766 (1995)
STATE of Louisiana, Appellee,
v.
Mark Anthony JOHNSON, Defendant-Appellant.
No. CR95-711.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*768 Charles F. Wagner, Dist. Atty., John Dexter Ryland, for State of Louisiana.
Charles Joseph Yeager, for Mark Anthony Johnson.
Before KNOLL, THIBODEAUX and AMY, JJ.
AMY, Judge.
Defendant, Mark Anthony Johnson, appeals his conviction of possession of a controlled dangerous substance, Schedule II, with intent to distribute in violation of La. R.S. 40:967. For the reasons which follow, we affirm the conviction and sentence but remand with instructions.

DISCUSSION OF THE RECORD
On November 10, 1993, the Rapides Parish Metro Narcotics unit was engaged in the investigation of street-level drug dealers. Assigned to this unit were James Rawls, III, Rapides Sheriff Department Detective, Narcotics Division, and Sergeant Larry Coutee, Field Supervisor, Metro Narcotics Unit. Detective Rawls and Sergeant Coutee were assisted by Byron Juneau, Deputy of the Avoyelles Parish Sheriff's Office, who was undercover as a narcotics buyer.
Around 3:20 p.m., Juneau drove to a car wash on Lee Street in Alexandria, had a brief conversation with an individual at the car wash and then got out of his vehicle to purchase crack cocaine. Rawls and Coutee were approximately a minute away from the scene of the transaction in another vehicle at a pre-arranged location. Immediately following the transaction, Juneau gave a description of the seller over his radio to Rawls and Coutee: a short-haired black male wearing blue jeans, a striped shirt, standing next to a green automobile thought to be a Protegé. Juneau drove immediately to the prearranged location, turned over the suspected drugs to Rawls and Coutee, and confirmed his previous description of the seller.
Rawls and Coutee immediately drove to the scene of the transaction and identified the male whom Juneau had described as Mark Johnson based on their knowledge of him from prior arrests. Within ten minutes, the three officers met at the unit office, where Juneau identified a photograph of the defendant.
On September 29, 1994, defendant was charged by bill of information with possession of a controlled dangerous substance, Schedule II, with intent to distribute in violation of La.R.S. 40:967. Following a bench trial on March 28, 1995, defendant was convicted of possession of crack cocaine with intent to distribute, violating La.R.S. 40:967. After the district court denied his motion for new trial, the defendant was sentenced to eighteen years at hard labor on April 4, 1995. In accordance with a sentencing agreement, the defendant was not charged as a habitual offender. Defendant asserted the following assignments of error and timely perfected this appeal:
(1) The trial court erred prejudicially by admitting into evidence the in-court identification of the defendant by a police officer without requiring the admission of the pre-trial photographic show-up or lineup, for the court to base its determination of the admissibility of the in-court identification or its probative value, thereby depriving defendant of due process of law.
(2) The trial court erred prejudicially in admitting into evidence an in-court identification of the defendant by a police officer which was tainted by an impermissibly suggestive pre-trial identification procedure, thereby depriving the defendant of due process of law.
(3) The trial court erred prejudicially in admitting into evidence an in-court identification of the defendant when there was no valid independent basis for the identification of the defendant, and the in-court identification instead was based solely upon and tainted by an impermissibly suggestive pre-trial procedure, and thereby *769 deprived the defendant of due process of law.
(4) Because the in-court identification was inadmissible, the trial court erred in finding the defendant guilty, and thereby deprived him of due process of law, in that without the inadmissible identification, there is no basis for any trier of fact, including the honorable trial court, to have concluded beyond a reasonable doubt that the defendant was guilty, under the Jackson v. Virginia due process test.
(5) The trial court erred in denying the defendant's motion for new trial.
On August 24, 1995, defendant filed a motion to submit a supplemental brief, which this court granted. In the supplemental brief, defendant alleges that his trial counsel's failure to object to the admission of the pre-trial identification constituted ineffective assistance of counsel.

IDENTIFICATION
The first three assignments of error involve Byron Juneau's pre-trial and in-court identification of the defendant on which the State's identification evidence rested. Accordingly, we will consider the merits of these assignments together.
The defendant contends that Officer Juneau viewed only a single photograph of the defendant, rather than a full lineup, when he identified the defendant at the unit office. The defendant claims this procedure was impermissibly suggestive and tainted the officer's subsequent in-court identification of Johnson as the drug seller. On this basis, the defendant claims: 1) the trial court should have required the admission of the pre-trial photograph; 2) Juneau's testimony should not have been admitted; 3) the use of Juneau's "tainted" testimony violated due process.
Defendant's trial counsel did not file a motion to suppress Juneau's identification or object to its admissibility at trial. A defendant who does not file a motion to suppress an identification, and who fails to contemporaneously object to the admission of the identification testimony at trial, fails to preserve the issue of its admissibility as an error on appeal. La.Code Crim.P. art. 841(A); La. Code Crim.P. art. 703(F); State v. Walker, 94-0587 (La.App. 1 Cir. 4/7/95), 654 So.2d 451, writ denied, 95-1125 (La. 9/22/95), 660 So.2d 470.
Normally, defendant would be precluded from asserting these errors on appeal due to his failure to preserve them and we would not consider the merits of these assignments of error; however, since defendant contends that the failure of his trial counsel to preserve the issue of the admissibility Juneau's identification constituted ineffective assistance of counsel, we will consider the propriety of the admissibility of the identification.
Single-photo lineups have been repeatedly held to be an improper and suggestive identification procedure. State v. Rosette, 94-1075 (La.App. 3 Cir. 3/22/95), 653 So.2d 80; State v. Hensley, 608 So.2d 664 (La.App. 3 Cir.1992), writ denied, 613 So.2d 972 (La.1993). In the case before us, there is conflicting evidence on whether Juneau was shown a single picture or a lineup. Rawls testified on direct examination that he showed Juneau a photographic lineup, but on cross-examination, he stated that he could not remember how the lineup was conducted. At one point, Juneau testified that he was shown a photo lineup, but later he testified that Rawls opened a photo album and showed him Johnson's picture. Coutee testified that he removed a single picture from the photo album and gave it to Rawls to show Juneau. Although the record does not establish that the identification procedure was by single photograph, we will assume that this was the procedure for the purposes of considering defendant's assignments of error.
Initially we note that our inquiry does not end with a determination that there was an improper and suggestive identification procedure. For the identification to be inadmissible due to an allegedly suggestive identification procedure, there must be a substantial likelihood of misidentification in addition to the suggestive identification procedure. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Rosette, 653 So.2d 80. Thus, an appellate court must determine *770 from the totality of the circumstances, whether the suggestive identification presents a substantial likelihood of misidentification.
In determining whether there was a substantial likelihood of misidentification, we consider the factors as delineated by the United States Supreme Court in Neil v. Biggers: (1) the witness' opportunity to view the criminal when the crime was committed; (2) the degree of attention by the witness; (3) the accuracy of the prior description of the criminal given by the witness; (4) the level of certainty evidenced by the witness at the confrontation; and (5) the amount of time between the offense and the confrontation. Furthermore, this court has held that "[a]gainst these factors is to be weighed the corrupting effect of the suggestive identification itself." Rosette, 94-1075 at pp. 4-5, 653 So.2d at 82.
In considering the first and second factors, the record shows that Juneau had an opportunity to view the defendant from a short distance and for a period of time when the drug transaction occurred. Although the record does not reveal the exact length of time, there was an initial contact, followed by Juneau's exiting his car, walking over, and being in close proximity to the defendant to undertake the drug deal. Juneau was focused on the defendant because the transaction began with the officer's notice of, and eye contact with, the defendant, followed by the transaction.
Regarding the third factor, Juneau identified the dealer as a young black male at the car wash, wearing blue jeans, and a striped shirt, with low-cut hair, standing by a green four-door car, believed to be a Protegé, which this court notes is vague. However, it is bolstered by the fact that two other officers, Rawls and Coutee, drove by the car wash only moments after the buy and noted the defendant was the only person at the car wash who fit the description and that he was standing beside a car that fit the description given. Consideration of the fourth Biggers factor reveals Juneau displayed a high degree of certainty. Nothing in the record indicates he wavered in identifying the defendant. With respect to the fifth factor, the time between the crime and the identification was five to ten minutes.
Under the five Biggers factors, the likelihood of misidentification was low. Accordingly, we conclude that the defendant's due process rights were not violated by the admission of the identification. Thus, the first three assignments lack merit.

INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL
By supplemental brief, defendant alleges that his trial counsel's failure to object to the admission of the pre-trial identification constituted ineffective assistance of counsel. Although a claim of ineffective assistance of counsel is more properly raised by application for post-conviction relief, rather than by appeal, when the issue is raised on appeal and the record discloses the requisite information for us to evaluate the merits of the claim, we will consider this claim in the interests of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
The Sixth Amendment of the United States Constitution and Article 1, Section 13 of the Louisiana Declaration of Rights guarantee a criminal defendant reasonably effective assistance of counsel. A strong presumption exists that the conduct of counsel falls within the wide range of responsible professional representation. State v. Pettibone, 626 So.2d 66 (La.App. 3 Cir.1993). The constitutional requirement of effective assistance of counsel does not guarantee errorless representation. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), writ denied, 507 So.2d 226 (La.1987). Consequently, the defendant bears the burden of proving that his attorney failed to meet the requisite level of minimal competency which is normally required. State v. Everett, 530 So.2d 615 (La. App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
In Strickland v. Washington, 466 U.S. 668, 686-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, the United States Supreme Court set forth the test to determine whether *771 the performance of a criminal defendant's counsel was deficient:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction... resulted from a breakdown in the adversary process that renders the result unreliable.
Thus, the defendant must make both showings before the conclusion will be reached that his conviction was a result of a breakdown in the adversarial process rendering the conviction unreliable. Accordingly, if either is not met, then the claim of ineffective assistance of counsel will be disposed of. State v. Young, 596 So.2d 403 (La.App. 4 Cir.), writ denied, 600 So.2d 660 (La.1992).
Since the constitutional guarantee does not require an attorney to take unnecessary actions, a criminal defendant who alleges that his attorney's performance was deficient based on his failure to perform specific acts must demonstrate that specific prejudice resulted from this failure. Everett, 530 So.2d 615; Nolan, 503 So.2d 1186. We have already concluded that defendant did not suffer prejudice from the admission of the identification and we have considered the merits of these arguments on appeal, notwithstanding the failure of his trial counsel to object to the admission of the pre-trial identification procedure to preserve this issue for appeal. Our consideration of the error urged by defendant in this appeal renders this issue moot. For these reasons, defendant's ineffective assistance claim lacks merit.

SUFFICIENCY OF THE EVIDENCE
In his fourth assignment of error, the defendant maintains that the evidence adduced at trial was insufficient to have supported his conviction for possession of a controlled dangerous substance, Schedule II, with intent to distribute.
When the sufficiency of the evidence to support a conviction is raised on appeal, the standard applied by the reviewing court is whether the evidence, considered in the light most favorable to the prosecution, was sufficient for any rational trier of fact to have concluded that the State proved beyond a reasonable doubt the elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). Where rational triers of fact could differ as to the interpretation of the evidence, on appeal all evidence must be viewed in the light most favorable to the prosecution. It is only irrational decisions to convict by the triers of fact that will be overturned by an appellate court. See State v. Mussall, 523 So.2d 1305 (La.1988).
For defendant's conviction of possession of a Schedule II substance with intent to distribute to be upheld, the record must establish that the State proved beyond a reasonable doubt all the essential elements of the crime. The State was required to prove beyond a reasonable doubt: (1) defendant's identity as the perpetrator of the crime, (2) that the defendant knowingly or intentionally possessed a Schedule II substance, and (3) that the defendant did so with the specific intent to distribute it. La.R.S. 40:967; Young, 596 So.2d 403.
Juneau drove to a car wash on Lee Street in Alexandria, had a brief conversation with an individual at the car wash and then got out of his vehicle to purchase a rock of crack cocaine. Immediately following the transaction, Juneau radioed a description of the seller to Rawls and Coutee, drove to a prearranged location, turned over the suspected drugs to Rawls and Coutee, and confirmed his previous description of the seller. Rawls and Coutee immediately drove to the scene of the transaction and identified the male whom Juneau had described as being the defendant Mark Johnson based on their *772 knowledge of him from prior arrests. Within ten minutes, the three officers met at the unit office, where Juneau identified a single photograph of the defendant. Juneau unequivocally identified the defendant as the person with whom he had entered the drug transaction. Although Defense witness James Peak testified he was at the car wash on a day when police stopped and searched the defendant, when both Peak and the defendant were near the Protegé, Peak could not remember the date this occurred, and significantly, did not see either Rawls or Coutee on the day described. Defendant argues that Peak, who is also a black male, may have been the perpetrator of the crime.
It is the trier of fact's role to weigh the respective credibility of the witness, consequently the appellate court should not second-guess the credibility determination of the fact finder beyond the sufficiency evaluations under Jackson. See State ex rel. Graffagnino, 436 So.2d 559. It is the province of the trier of fact to credit or reject the testimony of any witness. Nolan, 503 So.2d 1186; State v. Jeansonne, 580 So.2d 1010 (La.App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991). Considering the evidence in light most favorable to the State, the prosecution proved the defendant's identity as the perpetrator of the crime beyond a reasonable doubt.
At trial, it was established that the substance which the defendant sold to Juneau was crack cocaine.
With respect to intent, since specific criminal intent is a state of mind, it may be inferred by the fact finder from the circumstances surrounding the offense including the actions of a defendant. State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La. 1/13/94), 631 So.2d 1163. Defendant's voluntary act of negotiating and executing the sale of cocaine to Juneau is sufficient for a rational trier of fact to have concluded that the necessary intent was present.
The defendant argues that without Juneau's identification testimony, the evidence would be insufficient to convict him. This court concluded above that the identification evidence in this case was not improperly admitted. However, if we had concluded that this evidence had been improperly admitted, the appropriate remedy would be a new trial, not a Jackson acquittal. See Rosette, 653 So.2d 80.
For the reasons stated above, this assignment of error has no merit.

MOTION FOR NEW TRIAL
Under La.Code Crim.P. art. 851, "[t]he motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case, the motion shall be denied,..." Under Article 851(1), the motion shall be granted when "[t]he verdict is contrary to the law and the evidence." The standard for reviewing the denial of a motion for a new trial on the basis that the verdict was contrary to the law and the evidence is abuse of discretion. State v. Washington, 614 So.2d 242 (La.App. 3 Cir.), writ denied, 619 So.2d 575 (La.1993).
At the hearing on the motion for new trial, the lower court heard argument from counsel, and reviewed the trial evidence in its reasons for judgment. Under Washington, the lower court applied the proper standard in its review. In this assignment, the defendant urges the lower court erred in denying his motion for a new trial because the introduction of the identification evidence was prejudicial and the evidence was insufficient to support his conviction. Earlier in this opinion we analyzed these precise legal issues raised by defendant and found them meritless. For these reasons, we do not conclude the trial court abused its discretion in denying defendant's motion for a new trial.
Accordingly, the fifth assignment of error is without merit.

ERRORS PATENT
Pursuant to Article 920 of the Code of Criminal Procedure, we reviewed the record for errors patent and found that the record does not indicate that the defendant was given credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence as required by La.Code Crim.P. art. 880. Defendant's sentence *773 therefore shall be amended to reflect that the defendant is given credit for time served prior to the execution of the sentence pursuant to La.Code Crim.P. art. 882(A). We remand this matter to the district court, ordering it to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. See State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95), 651 So.2d 858.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed. The case is remanded to the trial court to amend the commitment and the minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.